UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAHEEM MUHAMMAD, )
)
       Plaintiff, )
)
v. ) Civil Action No. 14-507
)
KIM DINE, *et al.*, )
)
       Defendants. )

**MEMORANDUM OPINION**

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application, and dismiss the complaint.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted, sufficient to

prepare a responsive answer, to prepare an adequate defense and to determine whether the doctrine of *res judicata* applies. *Brown v. Califano,* 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff alleges race and religious discrimination, violations of the Americans with Disabilities Act, as well as common law claims of false arrest, malicious prosecution, and intentional infliction of emotional distress, among others. He names approximately 110 defendants, and among these defendants are federal government agencies and officials, federal law enforcement officers, officers of two counties in Maryland, attorneys, judges, and other private citizens. The events giving rise to plaintiff's claims appear to have occurred on unspecified dates between 2009 and 2012 and in at least two Maryland counties. Few, if any, of these events described in the complaint appear to have occurred in the District of Columbia; neither the District of Columbia nor any District official is named a party defendant. It is not always clear which claims plaintiff brings against which defendants. If presented with this plethora of legal claims in such an unwieldy pleading, it is not likely that the defendants could readily prepare an adequate response to it.

As drafted, the complaint utterly fails to set forth a short and plain statement of plaintiff's claims, and the pleading therefore will be dismissed.[1] *See, e.g., Adams v. U.S. Dep't of State,* No. 13-1041, 2013 WL 4579929 (D.D.C. July 10, 2013), *appeal dismissed,* No. 13-5244, 2013

---

[1] The Court presumes without deciding that plaintiff raises viable claims. The complaint and this civil action will be dismissed without prejudice, and the plaintiff may request leave to file an amended complaint. *See Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2nd Cir. 1988) (noting that dismissal under Rule 8(a) "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," and "[w]hen the court chooses to dismiss, it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8").

WL 4711111 (D.C. Cir. 2013); *Periyaswamy v. Comcast of Massachusetts I, Inc.*, No. 12-10474, 2012 WL 5482090 (D. Mass. Nov. 13, 2012); *see also Tillio v. Kent*, 477 F. App'x 881 (3d Cir. 2012) (per curiam) (affirming district court's dismissal of "rambling and unclear" complaint under Rule 8(a)). An Order consistent with this Memorandum Opinion is issued separately.

_____
United States District Judge

DATE:
3/18/14